# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1143V
Filed: April 7, 2020

* * * * * * * * * * * * *
ANDREW FUNK,                               *        UNPUBLISHED
                                           *
        Petitioner,                        *        Decision on Joint Stipulation;
                                           *        Inflammatory Neuropathy;
v.                                         *        Hepatitis A Vaccine; Hepatitis
                                           *        B Vaccine; Meningococcal
SECRETARY OF HEALTH                        *        Conjugate Vaccine; Influenza
AND HUMAN SERVICES,                        *        ("Flu") Vaccine
                                           *
        Respondent.                        *
* * * * * * * * * * * * *

*Glynn Gilcrease, Esq.*, Law Office of Glynn W. Gilcrease, Jr., PC, Tempe, AZ, for petitioner.
*Adriana Teitel, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On November 24, 2014, Andrew Funk ["Mr. Funk" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed injuries, including inflammatory neuropathy, after receiving hepatitis A, hepatitis B, meningococcal conjugate, and influenza vaccinations[3] on December 13, 2011. Stipulation, filed

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The petition also sought compensation for injuries from an adenovirus vaccination, which is not covered by the Vaccine Program. Stipulation at 1, n.1. In addition to the vaccinations listed in the petition, petitioner received a tetanus-diphtheria-acellular pertussis vaccination ("Tdap") and a pneumococcal conjugate ("Prevnar 13") vaccination on December 13, 2011. He also received a second hepatitis A and B vaccination and a polio vaccination on January 12, 2012. *Id.*

Apr. 7, 2020 at ¶¶ 1-4. Respondent denies that any of the aforementioned immunizations caused petitioner's injuries. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On April 7, 2020, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> **A lump sum of $20,000.00 in the form of a check payable to petitioner, Andrew Funk.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

ANDREW FUNK,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 14-1143V
Special Master Roth
ECF

### STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner Andrew Funk ("petitioner") filed a petition for vaccine compensation under

the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine

Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt

of a Hepatitis A/Hepatitis B (Twinrix), Meningococcal, and influenza vaccinations,[1] which

vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received these vaccinations on December 13, 2011.

3. The vaccines were administered within the United States.

4. Petitioner alleges that he sustained a vaccine-related injury diagnosed as inflammatory

neuropathy that was caused-in-fact by one of the covered vaccines he received on December 13,

---

[1] The petition also sought compensation for injuries from an adenovirus vaccination, which is not covered
by the Vaccine Program. In addition to the vaccinations listed in his petition, petitioner received a
Tetanus-diphtheria-acellular pertussis vaccine ("Tdap") and a pneumococcal conjugate (Prevnar 13)
vaccine on December 13, 2011. He also received a second Twinrix vaccination and a polio vaccination
on January 12, 2012.

2011 or January 12, 2012. He further alleges that he experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

6. Respondent denies that petitioner's alleged inflammatory neuropathy and its residual effects were caused-in-fact by a covered vaccination received on December 13, 2011 or January 12, 2012. Respondent further denies that a covered vaccine caused petitioner any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$20,000.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Hepatitis A/Hepatitis B (Twinrix), Meningococcal,

3

and influenza vaccinations administered on December 13, 2011, as alleged by petitioner in his petition for vaccine compensation filed on November 24, 2014, in the United States Court of Federal Claims as petition No. 14-1143V, or from the Tdap and Prevnar-13 vaccinations, which petitioner also received on December 13, 2011, or the Twinrix and Polio vaccinations received on January 12, 2012.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that any of the covered vaccinations received on December 13, 2011 or January 12, 2012 caused petitioner to suffer an inflammatory neuropathy or any other injury.

4

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

**PETITIONER:**

ANDREW FUNK

**ATTORNEY OF RECORD FOR
PETITIONER:**

GLYNN W. GILCREASE, JR
Glynn W. Gilcrease, Jr., Esq
4500 South Lakeshore Drive, Suite 368
Tempe, AZ 85282
(480) 897-0990

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3677

Dated: 4/7/20

6